## PEOPLE v. WESTCHESTER TRACTION CO.

(Supreme Court, Special Term, Westchester County. November 4, 1907.)

PLEADING—DEMURRER—JUDGMENT.

Where, after the overruling of a demurrer to the original complaint, an answer was served, when plaintiff filed a supplemental complaint, which did not state a cause of action in itself, to which defendant again demurred, plaintiff could not obtain judgment on the pleadings on the ground that such demurrer was frivolous, while the issue raised by the answer to the original complaint was undisposed of.

Action by the people against the Westchester Traction Company to annul the defendant's franchise. On motion by plaintiff for judgment on demurrer to its supplemental complaint as frivolous. Denied.

Frank L. Young, for plaintiff.
J. Aspinwall Hodge, for defendant.

TOMPKINS, J. This is an action to annul the defendant's charter, brought after leave had been obtained from the court by the Attorney General. There was a demurrer to the original complaint, which was overruled by the court at Special Term. From the order overruling the demurrer, there was an appeal to the Appellate Division, where the judgment overruling the demurrer was affirmed. An answer was served to the original complaint, and thereafter a supplemental complaint was served, and to this supplemental complaint the defendant demurs, and this motion is by plaintiff for judgment on the demurrer to the supplemental complaint as frivolous, under section 537 of the Code of Civil Procedure.

It can hardly be said that the demurrer is frivolous; but, without going into that question in detail, I think that the motion should be denied, for the reason that the issues raised by the original complaint and the answer thereto are pending and untried. I do not see how the plaintiff can have a judgment annulling the defendant's charter while the issues presented by the original complaint and answer are undetermined. The supplemental complaint is purely and only "supplemental." It does not restate the allegations of the original complaint. It simply contains additional allegations in support of the plaintiff's claim that the defendant has forfeited its charter, and further reasons

for its annulment.   The supplemental complaint does not of itself state facts sufficient to constitute a cause of action.   It entirely omits any allegation of the incorporation of the defendant, or the granting to it of a franchise, or any allegation concerning its business and operation; nor does it state facts sufficient to entitle the plaintiff to the relief sought in the action.   Judgment cannot be given upon such a supplemental complaint, while an answer stands to the original complaint.

Motion for judgment on the demurrer as frivolous denied.